**UNITED STATES of America**

v.

**Daryl Wayne HARBIN.**

**Crim. No. 27250.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 15, 1974.

John W. Stokes, Jr., U.S. Atty., Gale McKenzie, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Bill L. Spruell and Paul McGee, Atlanta, Ga., for defendant.

---

**47.** State ex rel. Siegel v. McLaughlin, *supra*, 315 S.W.2d at 507–508.

## ORDER

EDENFIELD, District Judge.

The defendant in this case is charged with unlawfully failing to appear before the court in violation of 18 U.S.C. § 3150. On December 4, 1973 this case was submitted to the court on defendant's motion that:

(1) the indictment be dismissed;

(2) the United States Attorney be enjoined from further prosecution of this case;

(3) the case be transferred to Judge Edenfield; and

(4) a hearing on the motions be held within five days after the transcript was finished.

The case has been transferred to Judge Edenfield. A hearing was held on the motions on January 16, 1974. At that hearing evidence and argument pertinent to the two remaining motions was presented, the defendant was ordered released on his own recognizance, and the motions were taken under advisement.

This order will rule on the remaining motions, but it will first be necessary to develop the fact situation in some detail. The defendant in this case was originally charged with two offenses: this failure to appear charge and a substantive charge of possession of stolen mail. In oral pretrial negotiations a bargain was struck by counsel and the court under the terms of which it was agreed that the defendant would plead guilty to the substantive offense, counsel would jointly recommend a three-year sentence, and the government would dismiss the failure to appear indictment. At a hearing on September 27, 1973, defendant tendered his plea of guilty, the court was reminded of the first two terms of the above bargain (but not the third), and the guilty plea was accepted subject to defendant's right to withdraw his plea if the court sentenced him to a period of more than three years.

The Probation Office in this district quite properly takes the position that their legal duty is to arrive at an independent recommendation as to the appropriate sentence for the offender without considering the terms of the deal struck by prosecution and defense counsel. As a result the terms of the plea bargain do not appear in the pre-sentence report. Although the court is normally informed of the "deal" at the time the guilty plea is accepted, the court's criminal docket is far too heavy for the court to remember the details of each such deal until the hearing at which a sentence is adjudged (which is often more than a month later). In an attempt to accommodate both the position of the probation department and this practical problem, it is the custom of this court to have delivered to it before each sentencing both the report of the pre-sentence investigation and a separate attached report which sets forth the terms of the plea bargain, if any.

This defendant was scheduled to be sentenced on the possession of stolen mail charge on November 16, 1973. On that day because of an inadvertent mishandling of the paperwork involved, the court was presented with the pre-sentence report but did not receive the report on the plea bargain. The pre-sentence report reflected the existence of the failure to appear charge but did not indicate that it was to be disposed of or that it was involved in the current sentencing hearing. The court adjudged a sentence of six months confinement based solely on the possession of stolen mail charge. It is at this juncture that a conflict developed between the defense counsel and the prosecutor over the exact terms of the bargain. The prosecutor has taken the position that if the sentence was substantially less than three years, she was released from any obligation to dismiss the failure to appear indictment. The defense contention is that the defendant's only obligation was to tender his plea of guilty, and that once this plea was accepted the prosecution was obligated to dismiss the second indictment regardless of any discretion exercised by the court in sentencing. Although this conflict quickly

**1012**

became apparent no hearing on the issue was held until January 16, 1974. The delay was the result of the need to await the filing of a transcript of the earlier hearings. Despite the brevity of these hearings[1] the government declined to order them transcribed. The defense, after considerable delay, requested the court reporter to prepare a transcript. It was filed on January 4, 1974. When the hearing was held on the motion to dismiss and the motion to enjoin prosecution, both counsel stoutly maintained their position. The defendant was afforded a belated opportunity to withdraw his plea of guilty. As he had already completed service of his sentence, he understandably declined.

The court finds that both attorneys involved are sincere in their belief that the original arrangement was as they now contend. The conflict arose from the combination of the inadvertent failure of the report of the bargain to reach the court[2] and the parties' failure to specifically discuss the effect on the bargain of a sentence substantially less than that agreed upon in the recommendation to the court. As this was a good faith misunderstanding neither Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), nor any of the other "broken promise" cases cited by the defense are in point. Since the defendant has completed service of his sentence on the substantive charge, the court knows of no way that all involved can be returned to their original position. Having found that this was a good faith misunderstanding, the court does not feel it would be just for the entire burden of rectifying the situation to fall on the prosecution. Accordingly, the prosecution will be allowed to continue but in any disposition of this case the court will consider the loss which defendant has sustained through the prolongation of the prosecutorial process and the potential loss of the chance for the second sentence (if there is a second sentence) to run concurrently with the first.

The motions to dismiss the indictment and to enjoin further prosecution are Denied.

The Clerk of the Court is directed that in the event the prosecutor chooses to proceed in the case, any further settings of such case shall be on Judge Edenfield's calendar. This is designed to insure that in any final disposition of this case full consideration will be given to its unfortunate history by a judge who is fully familiar with the facts.

---

1. The transcript of both hearings totaled six pages.

2. The court has subsequently taken administrative measures to insure that this miscarriage will not again occur.